IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KUSALICH,<br><br>        Plaintiff,<br><br>   v.<br><br>PEREZ, et al.,<br><br>        Defendants. | No. 2:20-CV-1863-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Perez, the warden at High Desert State Prison (HDSP); (2) Souza, a correctional officer at HDSP; (3) Toubeaux, a correctional counselor at HDSP; (4) Albonico, a correctional captain at HDSP; (5) De La Garza-Dillard, a correctional counselor at HDSP; (6) Furtado, a correctional counselor at HDSP; (7) Haskel, a correctional officer at HDSP; and (8) Arthur Dudley, an attorney with the law firm of Page & Dudley.  See ECF No. 1, pgs. 2, 4.

According to Plaintiff, on February 18, 2015, he was assaulted by two inmates associated with the skinheads.  See id. at 5.  Plaintiff states that, just prior to the assault, he was approached at his cell door by unnamed individuals "on orders from the Building 'shot caller' known only as 'Tiny.'"  Id.  Plaintiff states that "they" – presumably the unnamed individuals who approached his cell door – then walked over to the "Building Officers' location" where Plaintiff observed Defendant Haskell turn the computer screen so that "these inmates" could read it.  Id.  Plaintiff adds that Defendant Souza was looking over Defendant Haskell's shoulder at the time.  See id.  Plaintiff states that, shortly thereafter, he was called to the program office and informed threats had been made against him.  See id.  Plaintiff further states that he "was confident his attorney, defendant Arthur Dudley, had corrected the record so that his alleged prior was no longer in his official records so there was no real threat."  Id.  Plaintiff further states that he was assaulted a few days later.  See id.  Plaintiff claims: "Defendants Perez, Toubeaux, Albonico, De La Garza-Dillard, and Furtado were aware of the nature of the offense listed as a prior conviction, incorrectly, and took no steps to correct the record."  Id.

///

As to Defendant Dudley, Plaintiff further claims that Dudley failed to use such care as a reasonably prudent attorney would and that Dudley's conduct amounts to an intentional infliction of emotional distress. See id. at 6-7.

Plaintiff alleges the foregoing conduct resulted in violation of his Eighth Amendment right to safety. See id. at 5.

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable,

however, if evidence is presented that they lacked knowledge of a safety risk. See <u>Farmer</u>, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See <u>Farmer</u>, 511 U.S. at 844.

Plaintiff's complaint centers around his allegation that Defendants Souza and Haskell allowed other inmates to view Plaintiff's conviction history on the computer screen. Plaintiff appears to believe that other inmates were thus allowed to know that Plaintiff had a prior conviction and that this knowledge resulted in the assault. Plaintiff's allegations, however, fail both the objective and subjective prongs outlined above. As to the objective prong, Plaintiff has not alleged facts sufficient to allow the Court to conclude that knowledge of a prior conviction presented a substantial risk that Plaintiff would be assaulted. In particular, Plaintiff does not explain what the prior conviction was, let alone that it was of such a nature that knowledge of it by other inmates would present a substantial risk as, for example, knowledge of a prior child sex conviction might. Likewise, as to the subjective prong, Plaintiff has not alleged how any defendant could have known that knowledge of an unspecified prior conviction would pose a risk to Plaintiff's safety.

Plaintiff will be provided an opportunity to amend to allege further facts concerning the prior conviction and Defendants' knowledge of a risk posed by allowing other inmates to know about it.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See

4

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  July 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5