1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

NICHOLAS KUSALICH,

No.  2:20-CV-1863-DJC-DMC-P

12

       Plaintiff,

13

   v.

FINDINGS AND RECOMMENDATIONS

14

PEREZ, et al.,

15

       Defendants.

16

17

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18

42 U.S.C. § 1983. Pending before the Court is Defendants' motion for summary judgment.  See

19

ECF No. 49.  Plaintiff has filed an opposition.  See ECF Nos. 59, 60, and 61.  Defendants have

20

filed a reply.  See ECF No. 63.

21

       The Federal Rules of Civil Procedure provide for summary judgment or summary

22

adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file,

23

together with affidavits, if any, show that there is no genuine issue as to any material fact and that

24

the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

25

standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P.

26

56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of

27

the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See

28

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the

1  moving party

> . . . always bears the initial responsibility of informing the district court of
> the basis for its motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any," which it believes demonstrate the absence of a
> genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the

opposing party to establish that a genuine issue as to any material fact actually does exist.  See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

establish the existence of this factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings but is required to tender evidence of specific facts in the

form of affidavits, and/or admissible discovery material, in support of its contention that the

dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The

opposing party must demonstrate that the fact in contention is material, i.e., a fact that might

affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

(9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than

simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the

claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions

of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,

477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

1   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

2   produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

3   Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

4   1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the

5   judge, not whether there is literally no evidence, but whether there is any upon which a jury could

6   properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

7   imposed." Anderson, 477 U.S. at 251.

8

9   # I.  PLAINTIFF'S ALLEGATIONS

10   This action proceeds on Plaintiff's first amended complaint.  See ECF No. 13.

11   Plaintiff names the following as defendants: (1) Warden Perez; (2) Arthur Dudley; (3)

12   Correctional Officer Souza; (4) Correctional Captain N. Albonico; (5) Correctional Counselor M.

13   De La Garza-Dillard; (6) Correctional Counselor Furtado; (7) Correctional Officer Haskill; and

14   (8) J. Toubeaux.[1]  See id. at 3-4. All other defendants, except Dudley, are alleged to be prison

15   officials at High Desert State Prison (HDSP) and the events alleged in the complaint occurred at

16   HDSP.  See id. at 1.

17   According to Plaintiff, in 1995 Plaintiff was convicted by a jury on four counts of

18   forcible child molestation, and one count of dissuading a witness from reporting a crime. See id.

19   at 4.  Plaintiff alleges that one year later, "the Court of appeal reversed the judgment in its entirety

20   based on ineffective assistance of counsel." Id. Plaintiff further contends that the "prosecution

21   elected not to refile charges." Id.  In 2014, Plaintiff was convicted of first-degree murder and

22   sentenced to a term of thirty-one years to life in state prison.  See id. Before entering prison,

23   Plaintiff "went through the reception center" at San Quentin State Prison, where he "briefly

24   encountered questions regarding his alleged prior." Id. at 5. Because of this, Plaintiff wrote to his

25   daughter and asked her to contact his lawyer, Arthur Dudley. See id.

---

26   [1]        Defendant Dudley has been dismissed.  See ECF No. 65.  Defendants Perez and
    Souza have not waived service.  See ECF Nos. 20, 23.  Summons was returned unexecuted as to
27   Defendant Souza on January 14, 2022.  See ECF No. 21.  Defendant Perez has not been
    personally served by the United States Marshal pursuant to the provisions of the Court's
28   December 3, 2021, order directing service.

1        Plaintiff alleges that shortly after he arrived at HDSP, on or about February 3,

2    2015, he was approached by an inmate, who asked Plaintiff "why his paperwork [those

3    documents showing why a person was in prison] was not posted on the locker." Id. Plaintiff

4    contends that the "common practice at HDSP was for all prisoners to tape a copy of their

5    paperwork at the end of the locker at the cell door's window." Id.  Plaintiff states that he told this

6    inmate that he was in for murder and that his paperwork was "all good." Id. Plaintiff alleges that

7    he later "witnessed [two inmates] approach the correctional officer's building office, engage both

8    defendants Haskel and Souza in a conversation" and saw "Haskel turn[] the computer screen so

9    that both [inmates] . . . could see the screen." Id.

10        Plaintiff states that on or about February 4, 2015, "Dudley wrote the plaintiff,

11    advised him that his daughter had called and relayed that he (Dudley) would do what he could to

12    resolve the questions regarding the plaintiff's alleged prior sex crimes." Id. at 6. Plaintiff claims

13    that Dudley "ought to have known the dangers such rumors would place his client in and had a

14    fiduciary duty, as an officer of the court, to take whatever action necessary to protect the plaintiff

15    from harm that could lead to great bodily harm or even death." See id.

16        Plaintiff alleges that on or about February 11, 2015, Plaintiff appeared before the

17    Unit Classification Committee (UCC) which determined that a "special classification for 'SEX'

18    was appropriate [for Plaintiff] and that he was required to register [as a sex offender] per PC

19    290." Id. at 7. This meant that Plaintiff's inmate number would include the suffix "R," which is

20    known to prison staff and inmates as a designation applied to sex offenders.  See id. at 8-9.

21    Afterward, Plaintiff was released to the general population at HDSP.  See id. at 7. Plaintiff

22    contends that "he was assaulted by [two inmates] at the direct orders of [a third inmate] on or

23    about February 18, 2015. Id. Plaintiff was treated for injuries and then taken to administrative

24    segregation for his protection. See id.

25        Plaintiff next contends that on or about February 25, 2015, he appeared before the

26    Institutional Classification Unit (ICU). See id. at 8. At this appearance, Plaintiff "informed [the

27    ICU] that he was not required to register as a sex offender because he was not a sex offender." Id.

28    Plaintiff alleges that Defendant Perez refused to "correct [the] paperwork . . . saying words to the

4

effect[] 'it is what it is.'" Id.  Defendant Perez allegedly told Plaintiff that he "would be in the hole a long time unless" Plaintiff signed a sensitive-needs yard (SNY) chrono, which Plaintiff did. Id.

Plaintiff states that on or about June 25, 2015, the Office of the Inspector General (OIG) was authorized by the Senate Committee on Rules to conduct an evaluation of the practices at HDSP.  See id.  Plaintiff quotes from portions of the OIG report.  See id. at 8-9.  According to Plaintiff, the OIG report noted the following: (1) inmates with a history of sex offenses are designated with an R suffix; (2) this designation follows inmates for any subsequent incarceration regardless of the offense committed; (3) allegations were raised concerning staff disclosure to other inmates that certain inmates were sex offenders, or had shown them classification documents or let them view electronic inmate records showing an R suffix; (4) having an R suffix is a major stigma in prison and can jeopardize an inmate's safety by setting the inmate up for assault or extortion for protection from assault; and (5) many of the specific instances of misconduct and even some of the pervasive indifferent treatment of inmates can be narrowed down to a small percentage of active participants, many of whom are currently under investigation.  See id.

Plaintiff alleges three claims for relief against all defendants: (1) violation of the Eighth Amendment under § 1983 based on deliberate indifference to inmate safety; (2) negligence under state law; and (3) intentional infliction of emotional distress under state law. See id. at 9-11.

## II.  THE PARTIES' EVIDENCE

### A.    Defendants' Evidence

Defendants' motion for summary judgment is supported by a separate statement of undisputed facts (DUF), see ECF No. 49-2, the declaration of S. Barnes, a Correctional Counselor at HDSP, see ECF No. 49-3, and attached Exhibits A and B, see ECF Nos. 94-4, the declaration of Howard E. Moseley, the Associate Director of the Office of Appeals, see ECF No. 49-5, and attached Exhibits A-D, see ECF No. 49-6, the declaration of defense counsel Jean Trenbeath,

1   Esq., <u>see</u> ECF No. 49-7, and attached Exhibit A, <u>see</u> ECF No. 49-8.

2          In their separate statement of undisputed facts, Defendants assert that 28 facts are

3   undisputed in this case.  <u>See</u> ECF No. 49-2.  Undisputed fact nos. 1-4, 6, 7, and 9 relate to

4   Plaintiff's complaint, first amended complaint, and Defendants' answer.  <u>See</u> <u>id.</u> at 2-3.

5   Undisputed fact no. 5 is a statement of law as to the applicable statute of limitations.  <u>See</u> <u>id.</u> at 2.

6   Undisputed fact no. 8 relates to the Court's service order for the first amended complaint.  <u>See</u> <u>id.</u>

7   at 3.  The remainder of Defendants' statement of undisputed facts relates to exhaustion. <u>See</u> <u>id.</u> at

8   3-6.

9       **B.**      **<u>Plaintiff's Opposition</u>**

10         Plaintiff's opposition is based on his opposition memorandum, <u>see</u> ECF No. 59,

11   response to Defendants' statement of undisputed facts, <u>see</u> ECF No. 60, and declaration, <u>see</u> ECF

12   No. 61.  Attached to Plaintiff's declaration is a copy of the OIG 2015 report regarding HDSP.

13   <u>See</u> ECF No. 61, pgs. 8-73.

14

15                  **III. DISCUSSION**

16         In their motion for summary judgment, Defendants argue: (1) the undisputed facts

17   show that Plaintiff failed to exhaust administrative remedies prior to filing suit; (2) all of Plaintiff's

18   state law claims must be dismissed for failure to comply with the California Government Claims

19   Act;  (3) Plaintiff's § 1983 and state law claims are time-barred[2]; and (4) Plaintiff's damages claims

20   against Defendants in their official capacities must be dismissed.  <u>See</u> ECF No. 49-1, pg. 2 (table of

21   contents).  As discussed below, the Court finds Defendants' second and third arguments dispositive.

22   As such, there remains no need to address Defendants' other assertions.

23   */ / /*

24   */ / /*

25   */ / /*

26   */ / /*

27

28   [2]    Over Plaintiff's objections, the District Judge granted Defendant Dudley's motion to dismiss based on Plaintiff's failure to file within the limitations period.  <u>See</u> ECF No. 65.

1    **A.    Statute of Limitations**

2            For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is

3    California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384,

4    387-88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C.

5    § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Jackson

6    v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-

7    Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a

8    two-year statute of limitations for personal injury actions, such as § 1983 cases.  See Cal. Civ.

9    Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

10           State tolling statutes also apply to § 1983 actions.  See Hardin v. Straub, 490 U.S.

11   536, 543-44 (1998).  California Civil Procedure Code § 352.1(a) provides tolling of the statute of

12   limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate

13   serving less than a life sentence.  See Cal. Code. Civ. P. 352.1(a).  This tolling provision applies

14   to all inmates except those sentenced to life without the possibility of parole.  See Brooks v.

15   Mercy Hospital, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable

16   to prisoners serving a sentence of life with the possibility of parole, but the statutory language

17   excludes those sentenced to life without the possibility of parole).  Thus, unless an inmate is

18   serving a sentence of life without the possibility of parole, a four-year limitation period applies.

19   State tolling is also available for the time an inmate is exhausting the administrative grievance

20   process.  See Soto v. Unknown Sweetman, 883 F3d 865, 871 (9th Cir. 2018).

21           Notwithstanding the application of the forum's state law regarding the statute of

22   limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is

23   "federal law" which "governs when a claim accrues."  Fink v. Shedler, 192 F.3d 911, 914 (9th

24   Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)).  "A claim

25   accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

26   action."  Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v.

27   Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

28   / / /

7

1   Presuming application of the most generous four-year limitations period, Defendants

2   argue:

3   According to Plaintiff's first amended complaint, his Eighth
    Amendment claim against Defendant Haskill arose on or about February
4   3, 2015, and his claims against Defendants De La Garza-Dillard,
    Albonico, Toubeaux, and Furtado arose on or about and between February
5   11, 2015, and February 25, 2015. Plaintiff filed his original complaint
    against Defendants on September 15, 2020. (ECF No. 1.) . . . Thus, the last
6   day on which Plaintiff could have filed his complaint would have been
    February 25, 2019, which is four years from the latest alleged wrongful act
7   of February 25, 2015. Since Plaintiff did not file his original
    complaint until September 15, 2020 (ECF No. 1), Plaintiff's Eighth Amendment
8   claims against Defendants are barred by the statute of limitations.

9   ECF No. 49-1, pgs. 16-17.

10  Defendants also apply a four-year limitations period to Plaintiff's state law claims for negligence

11  and intentional infliction of emotional distress and make the same argument.  See id. at 17.

12  The Court agrees with Defendants that, based on the allegations in the first amended

13  complaint, all of Plaintiff's claims accrued in 2015.  This is consistent with the Court's prior

14  findings in connection with Defendant Dudley's motion to dismiss, see ECF No. 54, which were

15  adopted in full by the District Judge, see ECF No. 65.  Under a four-year limitation, the last day to

16  file suit would have been in 2019 and this action is untimely because it was not filed until 2020.

17  In his opposition, Plaintiff argues that he is entitled to equitable tolling for the time

18  he was at HDSP between the time of the events alleged until he transferred to Mule Creek State

19  Prison on November 2, 2017.  See ECF No. 59, pgs. 10-11.  Plaintiff states that he was under

20  "constant threat" during while he was at HDSP.  See id.  Plaintiff applies a three-year limitations

21  period running from November 2017 and concludes that this lawsuit, which was filed in September

22  2020, is timely.  See id. at 11.

23  Plaintiff's argument is unpersuasive.  First, the Court does not agree that Plaintiff's

24  claims accrued in 2017 when he arrived at Mule Creek State Prison.  Second, the Court does not

25  agree that a three-year limitations period applies to Plaintiff's federal and state law claims.  Third, to

26  the extent Plaintiff was unable to file suit while at HDSP due to threats – an assertion which is not

27  supported by any evidence – Plaintiff was transferred to Mule Creek State Prison in November 2017

28  and had ample opportunity between that time and expiration of a four-year limitation period in 2019

8

1   within which to commence this action.  Plaintiff has not explained why, once transferred to Mule

2   Creek State Prison, he was unable to file his lawsuit prior to 2020.

3           **B.**     <u>**California Government Claims Act**</u>

4           For personal injury claims against government entities or employees, California law

5   required a plaintiff to present a claim to the California Government Claims Program prior to filing

6   suit.  <u>See</u> Cal. Gov't Code § 910, et seq.  Timely presentation is required, and the plaintiff must

7   plead timely presentation in the complaint.  <u>See</u> <u>State v. Superior Court (Bodde)</u>, 32 Cal.4th 1234,

8   1240, 1237 (2004) (for claims against the State, timely presentation of a claim under the

9   Government Claims Act is an element of the cause of action and must be pled in the complaint);

10   <u>see also</u> <u>Mangold v. Cal. Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  The plaintiff

11   must present facts demonstrating compliance, rather than simply conclusions suggesting as much.

12   <u>Shirk v. Vista Unified School Dist.</u>, 42 Cal.4th 201, 209 (2007).  These requirements also apply to

13   state law claims included in a federal action under § 1983.  <u>See</u> <u>Volis v. Hous. Auth. of the City of</u>

14   <u>L.A. Emps.</u>, 670 F. App'x 543, 544 (9th Cir. 2016).

15           According to Defendants:

16           Plaintiff alleges that he complied with the Government Claims Act. (ECF No. 13 at 4.) But Plaintiff fails to attach any documents to

17   demonstrate his compliance with the Government Claims Act. (*See generally* ECF No. 13.) Plaintiff has also not alleged any valid excuse

18   from the claim presentation requirement of the Government Claims Act. (*Id.*)

19           The California Department of General Services conducted a search of any claims Plaintiff submitted to the Government Claims Program

20   (GCP) for a date of incident period ranging from February 3, 2015 to February 25, 2015. (Trenbeath Decl. ¶ 2. Ex. A.) The search revealed that

21   the GCP had not received any claim from Plaintiff under his name. (*Id.*) Based upon Plaintiff's first amended complaint and the GCP's records

22   search, Plaintiff has never filed any claims against Defendants. A public employee cannot be sued for injury resulting from an act or omission in

23   the scope of his employment if an action against the employing public entity is barred by failure to present a timely claim. (Gov. Code, § 950.2;

24   *Fisher v. Pickens* (1990) 225 Cal.App.3d 708, 718.) Because Plaintiff has failed to submit a timely claim to the GCP, or any claim at all, in

25   connection with his negligence cause of action against Defendants, the Court must dismiss Plaintiff's state law claims.

26           ECF No. 49-1, pg. 16.

27

28   / / /

1    Defendants' argument is persuasive.  While Plaintiff has asserted the conclusory

2    allegation that he complied with the claims presentation requirement, he does not allege specific

3    facts demonstrating compliance, such as the date his claim was submitted or the date it was

4    rejected.  In the first amended complaint, Plaintiff simply states: "All conditions precedent to the

5    filing of this action have been performed pursuant to California Government Code, section 900, et

6    seq., and California Code of Civil Procedure, sections 364 and 364.1."  ECF No. 13, pg. 4.  This

7    conclusory allegation is insufficient.  A review of the declarations and exhibits provided by

8    Defendants, which Plaintiff does not put into dispute with contrary evidence, reveals that Plaintiff

9    never filed any claims against the named defendants pursuant to the Government Claims Program.

10   For this reason, Defendants are entitled to judgment as a matter of law on Plaintiff's state law

11   claims for negligence and intentional infliction of emotional distress.

12

13                                  **IV. CONCLUSION**

14    Based on the foregoing, the undersigned recommends as that Defendants' motion

15   for summary judgment, ECF No. 49, be GRANTED.

16    These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

18   after being served with these findings and recommendations, any party may file written objections

19   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

20   Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v.</u>

21   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22

23   Dated:  March 7, 2024

24                                                    _____
                                                     DENNIS M. COTA
25                                                   UNITED STATES MAGISTRATE JUDGE

26

27

28

                                          10